McDUFFEE v. HESTONVILLE, M. & F. PASS. RY. CO. (Circuit Court, E. D. Pennsylvania. November 28, 1906.) No. 45. C. V. Edwards, for complainant. C. L. Buckingham, for defendant.

J. B. McPHERSON, District Judge. Leave is hereby granted to the Allis-Chalmers Company to file the supplemental bill of which a copy is attached to its petition; and, since it appears that the petition has been on file in the office of the clerk since October 31, 1906, and that a copy thereof, with notice of a motion for leave to file the supplemental bill, was served upon defendant's counsel on October 29, 1906, it is ordered that answers to the supplemental bill be filed by the railway company and by the General Electric Company (which has been conducting the defense), on or before December 10th. Leave is also granted to the General Electric Company to intervene as a defendant in this cause, and to file a cross-bill, if it shall be so advised, to enforce the title to the patent in suit that is set up by its petition; the cross-bill to be filed on or before December 10th, and answers thereto to be filed by the defendants named therein on or before December 24th. Replications to be filed in the respective proceedings on or before December 27th. Testimony on behalf of the Allis-Chalmers Company to be taken before January 15th; on behalf of the General Electric Co., to be taken before January 31st; and rebuttal testimony by the Allis-Chalmers Company to be taken before February 5th. Thereupon either party may apply to the court to fix a time for the argument of the questions raised by the pleadings and proofs referred to in this order.

---

SIMPLEX ELECTRIC HEATING CO. v. LEONARD et al. (Circuit Court, S. D. New York. October 23, 1906.) In Equity. On rehearing. For original opinion, see 147 Fed. 744. Duncan & Duncan, for complainant. Kenyon & Kenyon, for defendants.

PLATT, District Judge. I have examined this matter with some care, and can find no occasion for a rehearing. I think that all the demurrers were properly overruled. My memorandum was in no sense a "finding." It gave some of the reasons (but by no means all of them) which forced me to my final conclusion. A further study emphasizes the correctness of that conclusion. I cannot see that the decision by Judge Wallace, referred to in the petition, ought in any sense to affect my action herein. Petition denied.